UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Eric Ramon Buchanan, Sui Juris ] | |
| Plaintiff / Petitioner, ] | Case No. _____ |
| ] | |
| v. ] | MOTION FOR STAY OF STATE PROCEEDINGS |
| ] | PENDING RESOLUTION OF REMOVAL |
| State of Idaho; Prosecutor ] | PETITION AND FEDERAL CIVIL |
| Molly Nivison, Judge Lamont Berecz ] | RIGHTS CLAIMS |
| Officers Mathew Sychla, Mathew Edwards, ] | |
| Casey Ziegler; and other Doe defendants ] | |
| Defendants. ] | |
| _____ ] | |

**COMES NOW** Petitioner Eric Ramon Buchanan, sui juris, a private individual of the Washington Republic, and respectfully moves this Court under:

- 28 U.S.C. § 1455(b)(5) (criminal removal procedures),

- 28 U.S.C. § 1651 (All Writs Act),

- Fed. R. Civ. P. 62 (or its inherent powers),

- the principles of **comity** and the **Supremacy Clause**,

for an order staying all further proceedings in the related state criminal cases, specifically Idaho Case Nos. CR28-24-1747 and CR28-23-6840, pending this Court's determination of the validity

Motion For Stay Of State Proceedings <span style="float:right">Page **1** of 5</span>

of removal under 28 U.S.C. §§ 1443, 1446, 1447 and adjudication of the consolidated federal civil rights action under 42 U.S.C. §§ 1983, 1985, and 1988.

---

**I. GROUNDS FOR THE STAY**

1. **This Court has exclusive jurisdiction to determine removability under 28 U.S.C. § 1446(d) and § 1455(b)(5).**

   Upon the filing of the notice of removal, the state court "shall proceed no further unless and until the case is remanded." This automatic removal divests the state court of jurisdiction over the criminal case until this Court decides the removal question.
   See *United States ex rel. Mayor v. Canonico*, 220 F. Supp. 282, 285 (D.N.J. 1963); *Georgia v. Rachel*, 384 U.S. 780, 794-96 (1966).

2. **28 U.S.C. § 1455(b)(5) requires prompt action and permits this Court to stay the state proceedings.**

   Given that sentencing is scheduled imminently for July 28, 2025, and that further state action would risk mooting or undermining the federal forum's exclusive power to determine removability, this stay is necessary.

3. **Petitioner's removal is based on violations of fundamental civil rights under 42 U.S.C. § 1983 and removal jurisdiction under 28 U.S.C. § 1443(1).**

   These claims implicate the Fourth, Fifth, Sixth, and Fourteenth Amendments, including ongoing unlawful detention, warrantless GPS tracking, suppression of exculpatory

evidence, improper jury instructions, manufacturing of conspiracy charges in violation of the plurality rule, and a conspiracy under 18 U.S.C. §§ 241, 242 and 371.

4. **Failure to stay would irreparably injure Petitioner's rights** by permitting sentencing and continued detention under a proceeding constitutionally tainted by structural defects and jurisdictional violations. This violates due process under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Fifth & Fourteenth Amendments.

5. **This Court has inherent power under the All Writs Act, 28 U.S.C. § 1651,** to issue orders necessary to preserve its jurisdiction and protect the integrity of removal proceedings. See *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977).

---

## II. REQUESTED RELIEF

Petitioner respectfully requests this Court enter an Order:

1. **Staying all further proceedings in the Idaho state criminal cases, including sentencing scheduled for July 28, 2025,** or any related hearings, pending this Court's resolution of:

   - the validity of the removal under 28 U.S.C. §§ 1443, 1455, and
   - the merits of Petitioner's consolidated civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1988.

2. **Ordering the State of Idaho, the First Judicial District Court of Idaho in and for Kootenai County, Prosecutor Molly Nivison, and all law enforcement defendants to cease any further criminal process, execution of judgment, or incarceration based on the removed matters, pending final determination by this Court.**

3. **Granting such other and further relief as this Court deems just and proper** under the circumstances to protect Petitioner's federally secured rights.

## III. MEMORANDUM OF AUTHORITIES

- **28 U.S.C. § 1446(d):** Removal of any case to federal court divests the state court of jurisdiction until remand.

- **28 U.S.C. § 1455(b)(5):** Directs the federal district court to determine the validity of removal "promptly" and allows a stay of state proceedings pending that determination.

- **28 U.S.C. § 1651 (All Writs Act):** Authorizes courts to issue all writs necessary in aid of their jurisdiction.

- **Younger v. Harris, 401 U.S. 37 (1971):** While federal courts generally abstain from interfering in state prosecutions, exceptions exist for bad faith prosecutions, extraordinary circumstances, or where irreparable injury to federally protected rights is shown—which this case demonstrates by detailed allegations of fabricated charges, Brady violations, unlawful searches, and conspiracy.

## IV. CONCLUSION

**WHEREFORE,** Petitioner respectfully prays that this Court:

A. Immediately issue an Order staying all further state criminal proceedings, including sentencing scheduled for July 28, 2025,

B. Retain jurisdiction to determine the removability of these matters and to adjudicate the accompanying civil rights claims,

C. And grant such other relief in law or equity as this Court deems necessary and just.

Respectfully submitted,

_____
Eric Buchanan
Petitioner, sui juris

## NOTORIAL JURAT

COUNTY OF KOOTENAI )
                     SS )
STATE OF IDAHO     )

On this 3rd day of July, 2025, Eric Buchanan did personally appear before me, identified by (form of identification) and did take and Oath and stated the above statements are true and correct to the best of his knowledge and belief. Subscribed by me the below identified Notary Public in and for the State of Idaho, on the date first above written.

Shanna M Taylor          {Seal}
(Name of Notary)

My Commission ends 6-17-2028